IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SANDRA HOOD and HARRY BOWERS § <br> on behalf of themselves and all others similarly § <br> situated, § <br> § <br>       Plaintiffs, § <br> § <br> v. § <br> § <br> BAY AREA REGIONAL MEDICAL § <br> CENTER, LLC and § <br> MEDISTAR SLN GP, LLC, § <br> § <br>       Defendants. § | Civil Case No. _____ |

**CLASS ACTION COMPLAINT AND JURY DEMAND**

Sandra Hood and Harry Bowers ("Plaintiffs") on behalf of themselves and a class of those similarly situated ("Other Similarly Situated Employees"), by way of Complaint against Bay Area Regional Medical Center, LLC and Medistar SLN GP, LLC ("Defendants") by and through their counsel allege as follows:

**NATURE OF THE ACTION**

1. This is a class action for the recovery by Plaintiffs and Other Similarly Situated Employees of the Defendants as a single employer of damages in the amount of 60 days' pay and ERISA benefits by reason of Defendants' violation of the Plaintiff's rights under the Worker Adjustment and Retraining Notification Act of 1988 29 U.S.C. §§ 2101-2109 et. seq. (the "WARN Act"). Although the Plaintiffs and the Other Similarly Situated Employees were nominally employed by Defendant, Bay Area Regional Medical Center, LLC ("Bay Medical"), pursuant to the WARN Act's single employer rule, Medistar SLN GP, LLC ("Medistar"), (collectively the "Defendants")was also the Plaintiffs' and the Other Similarly Situated Employees "Employer" until they were terminated as part of, or as a result of a mass layoff

and/or plant closing ordered by the Defendants on or about May 4, 2018 and thereafter. The Defendants violated the WARN Act by failing to give the Plaintiffs and the Other Similarly Situated Employees of the Defendants at least 60 days' advance written notice of termination, as required by the WARN Act.  As a consequence, the Plaintiffs and the Other Similarly Situated Employees of the Defendants are entitled under the WARN Act to recover from the Defendants their wages and ERISA benefits for 60 days, none of which has been paid.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331 and 29 U.S.C § 2104 (a)(5).

3. The violations of the WARN Act alleged herein occurred in this District and more particularly in Webster, Texas. Venue in this Court is proper pursuant to 28 U.S.C §2104 (a)(5).

## THE PARTIES

4. Upon information and belief, at all relevant times, Defendant Bay Medical was incorporated in the state of Texas with a facility located at 200 Blossom St, Webster, TX 77598.

5. Upon information and belief, at all relevant times, Defendant Medistar was a Texas corporation with its principal place of business located at 7670 Woodway Dr #160 Houston, TX 77063.

6. Defendants jointly maintained, owned, and operated a facility located at 200 Blossom St, Webster, TX 77598 (the "Facility").

7. Plaintiffs and the Other Similarly Situated Employees were employed by Defendants at the Facility until their termination without cause on or about May 4, 2018 and thereafter at which time Defendants ordered a plant closing of the Facility.

8. Plaintiffs were employed by Defendants as a single employer at the Facility until their layoff without cause on or about May 4, 2018 and thereafter.

9. Upon information and belief, approximately 900 persons were employed at the Facility by Defendants until their termination without cause on or about May 4, 2018 and thereafter.

10. Upon information and belief, Defendants, as a single employer, owned and operated the Facility until on or about May 4, 2018 and thereafter.

11. On or about May 4, 2018 and thereafter, Defendants, as a single employer, ordered the termination of the Plaintiffs' employment together with the termination of all other employees who worked at or reported to the Facility as part of a plant closing as defined by the WARN Act for which they were entitled to receive 60 days advance written notice under the WARN Act.

## **CLASS ACTION ALLEGATIONS – 29 U.S.C. § 2104 (a)(5)**

12. Pursuant to the WARN Act, 29 U.S.C. § 2104 (a)(5), the Plaintiffs maintain this action on behalf of themselves and on behalf of each of the Other Similarly Situated Employees.

13. Each of the Other Similarly Situated Employees is similarly situated to the Plaintiffs in respect to his or her rights under the WARN Act.

14. Defendants, as a single employer, were required by the WARN Act to give the Plaintiffs and the Other Similarly Situated Employees at least 60 days advance written notice prior to their terminations.

15. Prior to their terminations, neither the Plaintiffs nor the Other Similarly Situated Employees received written notice that complied with the requirements of the WARN Act.

16. Defendants failed to pay the Plaintiffs and the Other Similarly Situated Employees their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for sixty (60) days following their respective terminations and failed to make 401(k) contributions and provide them with health insurance coverage and other employee benefits.

**CLASS ACTION ALLEGATIONS RULES 23 (a) and (b)**

17. The Plaintiffs bring this action on their own behalf and, pursuant to the Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Other Similarly Situated Employees who worked at the Facility and were terminated as part of or as the reasonably foreseeable result of the plant closing ordered by the Defendants, as a single employer, on or about May 4, 2018 and thereafter ("the "Class").

18. The persons in the Class identified above ("Class Members") are so numerous that joinder of all Class Members is impracticable.

19. There are questions of law and fact common to the Class Members that predominate over any questions affecting only individual members.

20. The claims of the representative party is typical of the claims of the Class.

21. The representative party will fairly and adequately protect the interests of the class.

22. The Plaintiffs have retained counsel competent and experienced in complex class action employment litigation.

23. A class action is superior to other available methods for the fair and efficient adjudication of this controversy—particularly in the contest of WARN Act litigation, where individual Plaintiffs and Class Members may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

24. There are questions of law and fact common to the Class Members that predominate over any questions solely affecting individual members of the Class, including but not limited to:

    (a) Whether the Class Members were employees of the Defendants who worked at or reported to the Facility;

(b) Whether Defendants, as a single employer, terminated the employment of the Class Members without cause on their part and without giving them 60 days advance written notice;

(c) Whether the Defendants may rely the WARN Acts "unforeseeable business circumstances" or "Faltering company" defense.

(d) Whether Defendants failure to provide 60 days notice should render them liable to the Class Members for 60 days pay and benefits.

### CLAIM FOR RELIEF

25. At all relevant times, the Defendants employed 100 or more employees, exclusive of part-time employees, or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States as defined by the WARN Act and employed more than 60 employees at the Facility.

26. At all relevant times, each of the Defendants were an "employer," as that term is defined in 29 U.S.C. § 2101(a)(1) of the WARN Act and 20 C.F.R. § 639.3(a).

27. The Defendants constituted a "single employer" of the Plaintiffs and the Class Members in that, among other things:

(a) The Defendants shared common ownership, officers and control.

(b) Specifically, Monzer Hourani who is the director and manager of Bay Medical is also the President of Medistar.

(c) Bay Medical and Medistar are both 100% owned by Monzer Hourani through subsidiary corporations.

(d) At all times relevant hereto, Monzer Hourani maintained sole control over all decisions made by Bay Medical and Medistar.

5

(e)     Specifically, upon information and belief, Monzer Hourani in his capacity as President and owner of Medistar frequently visited the Facility and requested weekly reports from Bay Medical employees.

(f)     Rick Zachardy, the Vice President of Medistar, was not an employee with Bay Medical, yet he frequented the Facility and was involved with the day to day operation of the Facility.

(g)     At all times relevant hereto, Monzer Hourani as the President and owner of Medistar was the sole decision maker with respect to all matters related to the Facility and the employment of the class members.

(h)     Upon information and belief, at all times relevant hereto, Monzer Hourani ran Bay Medical and Medistar as though they were a single corporation by comingling funds of each together with his own funds, and failing to keep separate records for each entity, and failing to conduct corporate meetings, or keep any minutes or records of any meetings.

(i)     Upon information and belief, transactions between Bay Medical and Medistar, were not conducted on an arm's length basis.

(j)     On information and belief, the decision to shut down the Facility without providing proper WARN notice was made by all of the Defendants as a single employer.

28.     On or about May 4, 2018 and thereafter, the Defendants, as a single employer, ordered the "plant closing" of the Facility as that term is defined by 29 U.S.C. § 2101(a).

29.     The Plaintiffs and the Class Members who were terminated by Defendants as a result of Defendants ordering the plant closing at the Facility on or about May 4, 2018 and thereafter were "affected employees" as defined by 29 U.S.C. § 2101(a)(5) of the WARN Act.

30.     The plant closing at the Facility resulted in "employment losses," as that term is defined by the WARN Act for at least fifty (50) of Defendant's employees as well as 33% of

Defendant's workforce at the Facilities, excluding "part-time employees," as that term is defined by the WARN Act.

31. The Plaintiffs and each of the Class Members are "aggrieved employees" of the Defendants as that term is defined in 29 U.S.C. § 2104 (a)(7).

32. Pursuant to Sections 2102 of WARN and 20 C.F.R. § 639.1 - § 639.10 et. seq., Defendants were required to provide at least 60 days prior written notice of the termination or notice as soon as practicable, to the affected employees, explaining why the sixty (60) days prior notice was not given.

33. Defendants failed to provide at least sixty (60) days prior notice to the Class Members terminations and also failed to provide notice prior to their terminations setting forth the basis for reduced notice as required by the WARN Act.

34. The Defendants failed to pay the Plaintiffs and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 working days following their respective terminations, and failed to make the pension and 401(k) contributions, provide other employee benefits under ERISA, and pay their medical expenses for 60 calendar days from and after the dates of their respective terminations.

35. As a result of Defendants' failure to pay the wages, benefits and other monies as asserted above, the Aggrieved Employees were damaged in an amount equal to the sum of the Class Members unpaid wages, accrued holiday pay, accrued vacation pay, accrued sick leave pay and benefits which would have been paid for a period of sixty (60) calendar days after the date of the members' terminations.

**WHEREFORE**, the Plaintiffs and Class Members demand judgment against the Defendants as follows:

      a.    An amount equal to the sum of: unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay pension and 401(k) contributions and other ERISA benefits, for sixty (60) working days following the member employee's termination, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act;

      b.    Certification that, pursuant to Fed. R. Civ. P. 23 (a) and (b) and the WARN Act, 29 U.S.C §2104(a)(5), Plaintiffs and the Class Members constitute a single class;

      c.    Interest as allowed by law on the amounts owed under the preceding paragraphs;

      d.    Appointment of the undersigned attorneys as Class Counsel;

      e.    Appointment of Plaintiffs as the Class Representatives and payment of reasonable compensation for their services as such,

      f.    The reasonable attorneys' fees and the costs and disbursements the Plaintiffs incur in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. §2104(a)(6);

      g.    Such other and further relief as this Court may deem just and proper.

Dated:  May 7, 2018                    BY:    /s/ Carolyn Carollo
                                       Carolyn Carollo (Bar #24083437)
                                       carolyncarollo@snowspencelaw.com
                                       SNOW SPENCE GREEN LLP
                                       2929 Allen Parkway # 2800
                                       Houston, TX 77019
                                       P: (713)335-4800
                                       F: (713)335-4848

                                       LANKENAU & MILLER, LLP
                                       Stuart J. Miller (SJM 4276)
                                       132 Nassau Street, Suite 1100
                                       New York, NY 10038
                                       P: (212) 581-5005
                                       F: (212) 581-2122

                                       THE GARDNER FIRM
                                       Mary E. Olsen (OLSEM4818)
                                       M. Vance McCrary (MCCRM4402)
                                       210 S. Washington Avenue
                                       Mobile, AL  36602
                                       P: (251) 433-8100
                                       F: (251) 433-8181

                                       Cooperating Counsel for
                                       THE NLG MAURICE AND JANE SUGAR
                                       LAW CENTER FOR ECONOMIC AND
                                       SOCIAL JUSTICE, a non-profit law firm
                                       4605 Cass Ave.
                                       Detroit, Michigan 48201
                                       P: (313) 993-4505

                                       *Attorneys for Plaintiffs*

I:\Client\MILL0007-Bay Area\Bay Area Medical District Court Complaint.doc